UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JASON G. HAWES,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:19-cv-293

Magistrate Judge Michael J. Newman
(Consent Case)

---

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING PRIOR TO JULY 4, 2018 AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS CASE UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR FURTHER PROCEEDINGS; (3) CLARIFYING THAT THE COURT MAKES NO FINDING AS TO THE DISABILITY BENEFITS AWARDED TO PLAINTIFF FROM JULY 4, 2018 ONWARD; AND (4) TERMINATING THIS CASE ON THE COURT'S DOCKET.**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[1] This case is before the Court on Plaintiff's Statement of Errors (doc. 7), the Commissioner's memorandum in opposition (doc. 12), the administrative record (doc. 6),[2] and the record as a whole.

I.

    **A.**    **Procedural History**

Plaintiff filed for DIB and SSI alleging disability commencing on January 1, 2015. PageID 37. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*,

---

[1] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

bilateral knee osteoarthritis, post-traumatic stress disorder ("PTSD"), and bipolar disorder. PageID 40.

After denial of his applications upon reconsideration, Plaintiff received a hearing before ALJ Deborah Sanders on May 23, 2018. PageID 91-120. The ALJ issued a written decision on October 2, 2018 finding, in reliance on the Grid, that Plaintiff was disabled as of July 4, 2018. PageID 33-51. With regard to the alleged disability period prior to July 4, 2018, the ALJ found at Step Five that, because Plaintiff then retained the residual functional capacity ("RFC") to perform a reduced range of sedentary work,[3] "there were jobs that exist in significant numbers in the national economy that [Plaintiff could have then] perform[ed.]" *Id*.

Thereafter, the Appeals Council declined to review the ALJ's decision. PageID 235-37. That decision thus became the final administrative decision of the Commissioner. 20 C.F.R. § 404.984(d); *Bray v. Chater*, No. 96-5226, 1996 WL 549773, at *1 (6th Cir. Sept. 26, 1996). Plaintiff then timely filed this appeal. *Buck v. Sec'y of Health & Human Servs.*, 923 F.2d 1200, 1203 (6th Cir. 1991) ("In cases where the [Commissioner] issues a final decision that is partially favorable to the claimant, the claimant may seek judicial review pursuant to 42 U.S.C. § 405(g)"); *see also Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

**B.     Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 33-51), Plaintiff's Statement of Errors (PageID 811-18), and the Commissioner's memorandum in opposition (PageID 827-41). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

---

[3] Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. § 404.1567(a). "Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id*.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable"

and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F. Supp. 2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In his Statement of Errors, Plaintiff argues that the ALJ erred: (1) in evaluating the medical source opinions of record (particularly, the medical opinion of treating psychiatrist Jack Lunderman, M.D.); (2) in finding several of his physical and mental impairments were not severe; and (3) in determining his RFC (specifically, by failing to include limitations that Plaintiff might be off-task or absent as a result of his impairments and relating to his use of a cane). PageID 811-

18. Finding error in the ALJ's weighing of Dr. Lunderman's opinion, the Court does not address Plaintiff's other alleged errors and, instead, instructs the ALJ to address those on remand.

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id.* Under the regulations then in effect, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).[4]

---

[4] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 404.1527. *Id.*

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 404.1527(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

Here, treater Lunderman opined, on October 5, 2017, that Plaintiff has a number of marked[5] limitations in his ability to, *inter alia*, maintain attention and concentration; perform activities within a schedule; maintain regular attendance; be punctual within customary tolerances; complete a normal workday and workweek without interruptions from psychological symptoms; perform work at a consistent pace without an unreasonable number and length of rest periods; and accept instructions and respond appropriately to criticism from supervisors. PageID 687.

Despite Dr. Lunderman's lengthy treatment relationship with Plaintiff, the ALJ afforded his opinion only "partial weight." PageID 46. In purportedly conducing a controlling weight analysis of Dr. Lunderman's opinion, and in declining to give it such weight, the ALJ found it

---

[5] Whereas "mild" and "moderate" functional limitations are generally considered "non-disabling," *see Sims v. Comm'r of Soc. Sec.*, 406 F. App'x 977, 980 (6th Cir. 2011), "marked" limitations are suggestive of disability. *See* 20 C.F.R. Pt. 416, Subpt. P, App. 1 § 12.00(C); *Lankford v. Sullivan*, 942 F.2d 301, 307 (6th Cir. 1991).

inconsistent with a "past psychiatrist's treatment notes," Plaintiff's own statements in a functional assessment report, and the ALJ's observations of Plaintiff's appearance at the administrative hearing. PageID 46-47; *see* 20 C.F.R. § 404.1527(c)(2).

With regard to the treatment notes of Plaintiff's past psychiatrists, the ALJ specifically cites the records evidencing Plaintiff's treatment by treater Amita Patel, M.D (PageID 555-64) who noted the following clinical findings[6] upon examination on separate occasions: anxious, irritable, and frustrated mood; obsessive thought content; limited insight; and impaired judgment. PageID 555, 558. Absent any explanation by the ALJ regarding the purported inconsistency between Dr. Lunderman's opinion and these notes authored by Dr. Patel, the undersigned finds the ALJ's conclusion in this regard unsupported by substantial evidence.[7] Such omission is reversible error. *Miller v. Comm'r of Soc. Sec.*, No. 3:14-CV-208, 2015 WL 2383632, at *5 (S.D. Ohio May 19, 2015), *report and recommendation adopted*, No. 3:14-CV-208, 2015 WL 3606877 (S.D. Ohio June 8, 2015); *Friend v. Comm'r of Soc. Sec.,* 375 F. App'x 543, 551–52 (6th Cir. 2010) (holding that "it is not enough to dismiss a treating physician's opinion as 'incompatible' with other evidence of record" in the absence of "some effort to identify the specific discrepancies and to explain why it is the treating physician's conclusion ... gets the short end of the stick"); *see also Redlin v. Comm'r of Soc. Sec.,* No. 12–12779, 2013 WL 1720829, at *13–14 (E.D. Mich. Mar. 27, 2013) (finding the ALJ failed to comply with the treating physician rule "because [she]

---

[6] The Sixth Circuit concludes that "a psychiatric impairment is not as readily amenable to substantiation by objective laboratory testing as a medical impairment" and "consequently, the diagnostic techniques employed in the field of psychiatry may be somewhat less tangible than those in the field of medicine." *Blankenship v. Bowen*, 874 F.2d 1116, 1121 (6th Cir.1989) (citation and alterations omitted). Instead, with regard to mental health impairments, "clinical and laboratory data may consist of the diagnosis and observations of professionals trained in the field of psychopathology." *Id*. (citation omitted).

[7] In addition, the ALJ's analysis in this regard fails to consider other clinical findings of record, such as treatment notes identifying: depressed and/or anxious mood (PageID 472, 689-91, 736-38); tense mood, self-harm ideation, ringing in ears, and inability to recall his doctor's name (PageID 527); and blunted affect (PageID 689-90, 736-37).

7

fails to identify, with any level of specificity, the evidence which supposedly undermines her opinions").

With regard to statements in Plaintiff's functional assessment report, Plaintiff reported suffering "frequent anxiety attacks and bad thoughts about hurting [him]self"; feeling claustrophobic in small spaces, such as his own shower; becoming anxious around others, especially in crowds; needing reminders to take his medication each day; and becoming forgetful when taking mediation for his bipolar disorder.  PageID 372-78.  Again, absent further explanation by the ALJ regarding the purported inconsistency between Dr. Lunderman's opinion and Plaintiff's statements in the functional assessment report, the undersigned finds the ALJ's conclusion in this regard unsupported by substantial evidence.

With regard to the ALJ's observation of Plaintiff and his testimony, it is not clear exactly what the ALJ means.  Did Plaintiff not exhibit signs of mental limitations during the 30 minutes he appeared before the ALJ at the hearing?  *See* PageID 91-120 (noting that the administrative hearing began at 8:55 a.m. on May 23, 2018 and concluded at 9:33 a.m. that same day).  Was Plaintiff's testimony during that hearing inconsistent with Dr. Lunderman's opinion regarding Plaintiff's functional assessment?  Or is the ALJ inappropriately weighing Plaintiff's credibility? *Cf. Soc.* Sec. Ruling 16-3p, 2017 WL 5180304, at *2 (Oct. 25, 2017) ("[S]ubjective symptom evaluation is not an examination of an individual's character").  Once again, more explanation is required to perform meaningful judicial review of the ALJ's conclusion in this regard.

In addition to the lack of clarity regarding her observations of Plaintiff at the hearing, the ALJ's statement in this regard likely amounts to the ALJ supplanting Dr. Lunderman's expert medical opinion with her own medical judgment regarding Plaintiff's limitations.  PageID 47. "While an ALJ is free to resolve issues of credibility as to lay testimony, or to choose between properly submitted medical opinions, the ALJ cannot substitute his [or her] own lay 'medical'

8

opinion for that of a treating or examining doctor." *Mitsoff v. Comm'r of Soc. Sec.*, 940 F. Supp. 2d 693, 701 (S.D. Ohio 2013) (citing *Beck v. Comm'r of Soc. Sec.*, No. 1:10-cv-398, 2011 WL 3584468, at *14 (S.D. Ohio June 9, 2011)); *see also Simpson v. Comm'r of Soc. Sec.*, 344 Fed. Appx. 181, 194 (6th Cir. 2009) (citing *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996)) (stating "ALJ's must not succumb to the temptation to play doctor and make their own independent medical findings").

Finally, in addition to the foregoing, it appears that the failed to extend her analysis beyond the controlling weight step. PageID 46-47. As noted above, even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).

In light of all the foregoing, the Court finds the ALJ's non-disability finding unsupported by substantial evidence and meriting reversal.

**IV.**

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order an award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17

F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987).

In this instance, a remand for further proceedings is necessary to determine -- after consideration of Dr. Lunderman's opinion in accordance with the regulations, and after a full and appropriate consideration of Plaintiff's other assignments of error, *see supra* -- whether Plaintiff was disabled prior to July 4, 2018.

**V.**

For the foregoing reasons: (1) the ALJ's non-disability finding prior to July 4, 2018 is found unsupported by substantial evidence, and **REVERSED**; (2) this matter is **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for further proceedings; and (3) this case is **TERMINATED** on the docket.  The Court makes **NO FINDING** regarding the disability benefits awarded to Plaintiff from July 4, 2018 onward, as that issue is not before the Court for review.

**IT IS SO ORDERED.**

Date:   May 21, 2020                             s/ Michael J. Newman
                                                 Michael J. Newman
                                                 United States Magistrate Judge